IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLIED WORLD INSURANCE
COMPANY,

        Plaintiff,

        v.

R&B CONTRACTING & EXCAVATION,
INC., ET AL.,

        Defendants.

18cv0387
ELECTRONICALLY FILED

## MEMORANDUM ORDER RE: PLAINTIFF'S MOTION FOR CONTEMPT (DOC. 32)

Arthur J. Schwab, United States District Judge

    Pending is the Motion for Contempt of Plaintiff Allied World Insurance Company ("Plaintiff" or "Allied World") against Defendants R&B Contracting & Excavation, Inc., Allstate Development, LLC, BR Holdings, LLC, and Dana L. Rogers. (Doc. 32). Plaintiff's Motion for Contempt shall be denied.

    Plaintiff filed a Complaint against numerous defendants. (Doc. 1). The parties mediated the case with the Honorable Ronald Folino, and on May 23, 2018, Plaintiff and Defendants R&B Contracting & Excavation, Inc., Allstate Development, LLC, BR Holdings, LLC, Dana L. Rogers, and Williams Rogers entered in a "Stipulation Incorporating Agreement of Parties to Mediation" ("Stipulation") which resolved the case. (Doc. 17). William Rogers then filed for Chapter 11 bankruptcy. (Doc. 18). In its Motion for Contempt, Allied World contends that the remaining Defendants, collectively referred to as the "Non-Debtor Indemnity Defendants," have repeatedly violated the Stipulation they entered into with Plaintiff by their failure to execute and

return mortgages to Allied World, and additionally, that Dana Rogers ("Mrs. Rogers") has fraudulently attempted to sell equipment and keep the sale proceeds as opposed to giving said proceeds to Allied World as agreed to by the parties. By way of the Motion for Contempt, Plaintiff seeks compliance with the Stipulation, as well as the award of attorney fees for having to seek enforcement of the Stipulation with the Court, and $10,000 in damages against Mrs. Rogers for her wrongful conduct in attempting to surreptitiously sell equipment in which Allied World had a security interest.

Plaintiff painstakingly served the Motion for Contempt on the "Non-Debtor Indemnity Defendants." (Doc. 46).

A Response to the Motion for Contempt was filed on behalf of Mrs. Rogers. (Doc. 44). The Response contends that the Motion should be denied as to Mrs. Rogers given that the relief and request for damages against her are "based upon a third party email th[at] purports to memorialize a conversation between [co-defendant] William Rogers and another individual. There does not appear to be any evidence that anyone, no less, Mrs. Rogers, was engaged in the activity being alleged and strict proof of same should be provided." (Id. at 2).

A Response also was filed by R&B Contracting & Excavation, Inc. ("R&B") and Allstate Development, LLC ("Allstate"). (Doc. 45). In their Response, R&B and Allstate assert that they do not hold title to any realty involved in this litigation, and therefore, the execution of the mortgages required under the terms of the Stipulation do not pertain to them. Moreover, they argue that contrary to Plaintiff's contentions, R&B and Allstate (to the extent applicable) have been assisting Allied World in selling equipment and collecting proceeds from the sale of equipment, and R&B has paid Allied World all monies due on account of the sale of equipment

to date. Thus, R&B and Allstate conclude, "there simply is no conduct (or lack thereof) demonstrating that R&B and/or Allstate disregarded or disobeyed the Stipulation." (Id. at 2).

BR Holdings, LLC did not file a response to Plaintiff's Motion for Contempt.

"In a civil contempt proceeding, the movant must establish by clear and convincing evidence: '(1) that a valid court order existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor] disobeyed the order'." *U.S. v. Chabot*, No. 16-3873, 681 F. App'x 134, (3d Cir. 2017) (*quoting Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990); *citing Harris v. City of Philadelphia*, 47 F.3d 1311, 1321 (3d Cir. 1995)). Here, Plaintiff's Motion for Contempt is premised upon the Stipulation being an Order of Court, and said document, signed by Plaintiff and numerous Defendants and entered on the Court's docket by Plaintiff's counsel on May 24, 2018, which was neither approved by nor otherwise adopted by the Court, simply is not an Order of Court. Accordingly, the Non-Debtor Indemnity Defendants cannot be held in contempt for "disobeying" the Stipulation.

For this reason, Plaintiff's Motion for Contempt shall be DENIED.

    SO ORDERED, this 14th day of November, 2018,

    s/Arthur J. Schwab_____
    Arthur J. Schwab
    United States District Judge

cc:    All ECF Registered Counsel of Record